# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

UNITED VAN LINES, LLC,

      Plaintiff,

v.

MED 1 ONLINE; MARK PRESTON; TCL ASSET GROUP; EQUIPMENT PLACEMENT; BRIAN MARTEL; JACK JAWITZ; MARIO ESCOBAR; MASON PARK MEDICAL; 1ST NATIONAL BID; CHIROMED; BARNEY HORVATH; GULF COAST COMM. COLL.; WARE HOUSE; MATAGORDA COUNTY HOSPITAL; ERIC KURTZ; RTR SERVICES, INC.; KWIK WAY TRANS.; MINNESOTA ORTHO MEDICAL; ADSI MOVING; EQUIPMENT PLACEMENT; E. TEXAS WOMEN'S CLINIC; DR LEWIS OBI; ST JOSEPH MEDICAL CTR.; MIDWEST CRATING; ACADEMY OF HEALTHCARE; CLAY PICKERING; DONAHUE CARDIOLOGY; BARRY AND LETITIA ROBERTS; GREATER DALLAS ANEST.; NASSAU BAY; MASTERWORKS SALON; KHALID PARWEZ; WOODGLEN INST, OF AES.; ROOD & RIDDLE EQUINE HOSPITAL; ADAVANCED MED SPA; LAPARIS SPORTS & FITNESS; IFTEGAR SYED; PETER LENCHUR, VASCAFLO, INC.; NON SURGICAL/MEDICAL; SCOTT GAYNOR; MONTGOMERY JOHNS, LTD.; PAIN CONTROL CONSULT; HARMAN DERMATOLOGY; FIRST GLANCE AESTHET,

      Defendants.

---

# COMPLAINT
## (FOR BREACH OF CONTRACT FOR INTERSTATE TRANSPORTATION)

---

Plaintiff, United Van Lines, LLC ("United"), alleges as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337 as confirmed in *Thurston Motor Lines, Inc. v. Rand*, 460 U.S. 533 (1983). This

831353.2
11/15/07

action involves the collection of transportation charges for shipments moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706 and 13702.

2.      The matters complained of herein and the liability of Defendants arise from the interstate carriage of property.

## PARTIES

3.      United is a Missouri limited liability company, with its principal place of business in Fenton, Missouri.   United is a motor carrier of household goods and personal property and is engaged in the performance of the interstate transport for hire by the authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 *et seq.*

4.      Upon information and belief, Defendant Med 1 Online is a Colorado corporation with its principal place of business in Golden, Colorado.  Upon information and belief, all other Defendants are customers and/or clients of Defendant Med 1 Online.  Defendant Med 1 Online provides services related to the buying and selling of medical equipment.

## VENUE

5.      28 U.S.C. §§ 1331 and 1337 confer original jurisdiction upon these actions arising under Acts of Congress relating to commerce, regardless of the amount in controversy.

6.      Venue is proper in the District Court of Colorado because Defendant Med 1 Online resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this venue.  28 U.S.C. § 1391(b).

## COUNT I

**BREACH OF INTERSTATE
TRANSPORTATION CONTRACT
(Defendant Med 1 Online only)**

7.      Plaintiff repeats and realleges paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.   The matter complained of herein in the liability of Defendants are predicated upon the interstate transportation of property by United, pursuant to its Bill of Lading and Freight Bills, and United's duly published tariff incorporated therein by reference.   49 U.S.C. §§ 13702 and 13706.

9.   This action arises out of 49 shipments between February 2006 and March 2007.  The 49 shipments are identified by the following Order for Service numbers:

|     | United Van Lines Order No. |
| --- | --- |
| 1 | 283-6230-6 |
| 2 | 283-6241-6 |
| 3 | 283-6429-6 |
| 4 | 283-6481-6 |
| 5 | 283-6509-6 |
| 6 | 283-8917-9 |
| 7 | 283-8939-6 |
| 8 | 283-9018-6 |
| 9 | 283-9019-6 |
| 10 | 283-9043-6 |
| 11 | 283-9081-6 |
| 12 | 283-9100-6 |
| 13 | 283-9177-6 |
| 14 | 283-9179-6 |
| 15 | 283-9197-6 |
| 16 | 283-9223-6 |

| 17 | 283-9226-6 |
| 18 | 283-9244-6 |
| 19 | 283-9246-6 |
| 20 | 283-9247-6 |
| 21 | 283-9252-6 |
| 22 | 283-9253-6 |
| 23 | 283-9258-6 |
| 24 | 283-9283-6 |
| 25 | 283-9284-6 |
| 26 | 283-12017-7 |
| 27 | 283-12030-7 |
| 28 | 283-12031-7 |
| 29 | 283-12044-7 |
| 30 | 283-12045-7 |
| 31 | 283-12052-7 |
| 32 | 283-12061-7 |
| 33 | 283-12064-7 |
| 34 | 283-12065-7 |
| 35 | 283-12071-7 |
| 36 | 283-12153-7 |
| 37 | 283-12214-7 |
| 38 | 283-9270-6 |
| 39 | 16-3715-7 |
| 40 | 16-3716-7 |

| 41 | 16-3721-7 |
|----|-----------|
| 42 | 16-3745-7 |
| 43 | 16-3991-7 |
| 44 | 16-4013-7 |
| 45 | 16-6661-6 |
| 46 | 16-6938-6 |
| 47 | 16-7336-6 |
| 48 | 16-8903-6 |
| 49 | 16-8502-6 |

10. As to these 49 shipments, Defendant Med 1 Online, as shipper or consignee, requested United, as the carrier, to transport goods either to or from Golden, Colorado. For each shipment, Defendant Med 1 Online entered into and accepted a Bill of Lading and Freight Bill with United for the interstate shipment of Defendant's goods.

11. The following terms are printed on the reverse side of the Bills of Lading entered into between United and all Defendants:

> The shipper . . . upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs . . . .

Bills of Lading, Section 3(a).

12. The transportation services and other related services for carriage of Defendant Med 1 Online's goods were performed in accordance with the Bills of Lading and United's tariff provisions incorporated therein. In accordance with 49 U.S.C. §§ 13702 and 13706, United is obligated to collect, and Defendant Med 1 Online is obligated to pay, the full and applicable tariff charges due.

5

13.    United has performed all of the terms and conditions set forth in the applicable Bills of Lading and the sum of $38,904.40 is due and owing as unpaid tariff transportation charges and other related charges.

14.    Despite timely and repeated demand, Defendant Med 1 Online has breached the Bills of Lading by failing and/or refusing to pay United the outstanding transportation charges and other related charges.  Defendant Med 1 Online is liable to United in the sum of $38,904.40, pursuant to the terms of the Bills of Lading and the I.C.C. Termination Act of 1995, 49 U.S.C. §§ 13706 and 13707.

15.    The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, United is entitled to prejudgment interest at the highest rate allowed by law on all such obligations from the dates on which they became due to the date of judgment.

**WHEREFORE**, United prays to the Court for judgment in its favor and against Defendant Med 1 Online for actual damages in the amount of $38,904.40, as the evidence will show, together with interest at the highest rate allowed by law from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## COUNT II

### BREACH OF INTERSTATE TRANSPORTATION CONTRACT
(as to all other Defendants)

16.    United repeats and realleges each and every allegation set forth in paragraphs 1 through 15 of the Complaint as though the same were fully set forth herein.

17.    This action arises out of 49 shipments between February 2006 and March 2007.  As to these 49 shipments, Defendants, as shipper or consignee, requested United, as the carrier, to transport goods.  For each shipment, Defendants entered into and accepted a Bill of Lading and Freight Bill with United for the interstate shipment of goods.

6

18.     The transportation services and other related services for carrier of Defendants' goods were performed in accordance with Bills of Lading and United's tariff provisions incorporated therein.  In accordance with 49 U.S.C. §§ 13702 and 13706, United is obligated to collect, and Defendants are obligated to pay, the full and applicable tariff charges due.

19.     Defendant, Mark Preston, was shipper of United Van Lines Order No. 283-6230-6.  As shipper Defendant Mark Preston is jointly and severally liable in the amount of $336.30.

20.     Defendant, TCL Asset Group, was shipper of United Van Lines Order No. 283-6429-6.  As shipper, Defendant TCL Asset Group is jointly and severally liable in the amount of $814.94.

21.     Defendant, Equipment Placement, was shipper of United Van Lines Order No. 283-6481-6.  As shipper, Defendant Equipment Placement is jointly and severally liable in the amount of $2,696.61.

22.     Defendant, Brian Martel, was shipper of United Van Lines Order No. 283-6509-6.  As shipper, Defendant Brian Martel is jointly and severally liable in the amount of $374.85.

23.     Defendant, Jack Jawitz, was consignee to United Van Lines Order No. 283-8917-6.  As consignee, Defendant Jack Jawitz is jointly and severally liable in the amount of $451.00.

24.     Defendant, Mario Escobar, was consignee to shipper of United Van Lines Order No. 283-8939-6.  As consignee, Defendant Mario Escobar is jointly and severally liable in the amount of $590.96.

25.    Defendant, Mason Park Medical, was shipper of United Van Lines Order No. 283-9018-6.  As shipper, Defendant Mason Park Medical is jointly and severally liable in the amount of $460.38.

26.    Defendant, 1st National Bid, was shipper of United Van Lines Order No. 283-9019-6.  As shipper, Defendant 1st National Bid is jointly and severally liable in the amount of $706.64.

27.    Defendant, Chiromed, was shipper of United Van Lines Order No. 283-9043-6.  As shipper, Defendant Chiromed is jointly and severally liable in the amount of $4,243.71.

28.    Defendant, Barney Horvath, was shipper of United Van Lines Order No. 283-9081-6.  As shipper, Defendant Barney Horvath is jointly and severally liable in the amount of $552.93.

29.    Defendant, Gulf Coast Comm., was shipper of United Van Lines Order No. 283-9100-6.  As shipper, Defendant Gulf Coast Comm. is jointly and severally liable in the amount of $379.33.

30.    Defendant, Ware House, was consignee to United Van Lines Order No. 283-9177-6.  As consignee, Defendant Ware House is jointly and severally liable in the amount of $690.68.

31.    Defendant, Matagorda County Hospital, was consignee to United Van Lines Order No. 283-9179-6.  As consignee, Defendant Matagorda County Hospital is jointly and severally liable in the amount of $966.26.

32.    Defendant, Eric Kurtz, was consignee to United Van Lines Order No. 283-9197-6.  As consignee, Defendant Eric Kurtz is jointly and severally liable in the amount of $1,046.84.

8

33. Defendant, RTR Services, Inc., was shipper of United Van Lines Order No. 283-9223-6. As shipper, Defendant RTR Services, Inc. is jointly and severally liable in the amount of $399.00.

34. Defendant, Kwik Way Trans., was shipper of United Van Lines Order No. 283-9226-6. As shipper, Defendant Kwik Way Trans. is jointly and severally liable in the amount of $442.00.

35. Defendant, Minnesota Ortho Medical, was consignee to United Van Lines Order No. 283-9244-6. As consignee, Defendant Minnesota Ortho Medical is jointly and severally liable in the amount of $1,348.51.

36. Defendant, ADSI Moving, was consignee to United Van Lines Order No. 283-9246-6. As consignee, Defendant ADSI Moving is jointly and severally liable in the amount of $746.87.

37. Defendant, Equipment Placement, was shipper of United Van Lines Order No. 283-9247-6. As shipper, Defendant Equipment Placement is jointly and severally liable in the amount of $4,832.74.

38. Defendant, E. Texas Women's Clinic, was shipper of United Van Lines Order No. 283-9253-6. As shipper, Defendant E. Texas Women's Clinic is jointly and severally liable in the amount of $389.00.

39. Defendant, Dr. Lewis OBI, was shipper of United Van Lines Order No. 283-9283-6. As shipper, Defendant Dr. Lewis OBI is jointly and severally liable in the amount of $406.50.

40. Defendant, St. Joseph Medical Ctr., was shipper of United Van Lines Order No. 283-9284-6. As shipper, Defendant St. Joseph Medical Ctr. is jointly and severally liable in the amount of $389.00.

9

41.     Defendant, Midwest Crating, was shipper of United Van Lines Order No. 283-12017-7. As shipper, Defendant Midwest Crating is jointly and severally liable in the amount of $594.69.

42.     Defendant, Academy of Healthcare, was consignee to United Van Lines Order No. 283-12030-7.  As consignee, Defendant Academy of Healthcare is jointly and severally liable in the amount of $610.53.

43.     Defendant, Academy of Healthcare, was consignee to United Van Lines Order No. 283-12031-7.  As consignee, Defendant Academy of Healthcare is jointly and severally liable in the amount of $429.10.

44.     Defendant, Clay Pickering, was consignee to United Van Lines Order No. 283-12044-7. As consignee, Defendant Clay Pickering is jointly and severally liable in the amount of $472.29.

45.     Defendant, Donahue Cardiology, was shipper of United Van Lines Order No. 283-12045-7. As shipper, Defendant Donahue Cardiology is jointly and severally liable in the amount of $479.85.

46.     Defendant, Barry and Letitia Roberts, was shipper of United Van Lines Order No. 283-12052-7. As shipper, Defendant Barry or Letitia Roberts is jointly and severally liable in the amount of $691.55.

47.     Defendant, Greater Dallas Anest., was consignee to United Van Lines Order No. 283-12061-7. As consignee, Defendant Greater Dallas Anest. is jointly and severally liable in the amount of $516.13.

48.     Defendant, Nassau Bay, was shipper of United Van Lines Order No. 283-12064-7. As shipper, Defendant Nassau Bay is jointly and severally liable in the amount of $416.85.

10

49.    Defendant, Masterworks Salon, was shipper of United Van Lines Order No. 283-12065-7.  As shipper, Defendant Masterworks Salon is jointly and severally liable in the amount of $462.35.

50.    Defendant, Khalid Parwez, was shipper of United Van Lines Order No. 283-12071-7.  As shipper, Defendant Khalid Parwez is jointly and severally liable in the amount of $409.85.

51.    Defendant, Woodglen Inst. of Aes., was shipper of United Van Lines Order No. 283-12153-7.  As shipper, Defendant Woodglen Inst. of Aes. is jointly and severally liable in the amount of $71.85.

52.    Defendant, Rood & Riddle Equine Hospital, was shipper of United Van Lines Order No. 283-12214-7.  As shipper, Defendant Rood & Riddle Equine Hospital is jointly and severally liable in the amount of $409.85.

53.    Defendant, Adavanced Med Spa, was shipper of United Van Lines Order No. 283-9270-6.  As shipper, Defendant Adavanced Med Spa is jointly and severally liable in the amount of $403.00.

54.    Defendant, Leparis Sports & Fitness, was consignee to United Van Lines Order No. 16-3715-7.  As consignee, Defendant Leparis Sports & Fitness is jointly and severally liable in the amount of $409.85.

55.    Defendant, Iftegar Syed, was consignee to United Van Lines Order No. 16-3716-7.  As consignee, Defendant Iftegar Syed is jointly and severally liable in the amount of $911.79.

56.    Defendant, Peter Lenchur, was consignee to United Van Lines Order No. 16-3721-7.  As consignee, Defendant Peter Lenchur, MD is jointly and severally liable in the amount of $950.41.

11

57.    Defendant, Vascaflo, Inc., was consignee to United Van Lines Order No. 16-3745-7.  As consignee, Defendant Vascaflo, Inc. is jointly and severally liable in the amount of $994.03.

58.    Defendant, Non Surgical/Medical, was shipper of United Van Lines Order No. 16-3991-7.  As shipper, Defendant Non Surgical/Medical is jointly and severally liable in the amount of $1,329.22.

59.    Defendant, Scott Gaynor, was shipper of United Van Lines Order No. 16-4013-7.  As shipper, Defendant Scott Gaynor is jointly and severally liable in the amount of $504.70.

60.    Defendant, Montgomery Johns, Ltd., was shipper of United Van Lines Order No. 16-6661-6.  As shipper, Defendant Montgomery Johns, Ltd. is jointly and severally liable in the amount of $500.41.

61.    Defendant, Pain Control Consult, was shipper of United Van Lines Order No. 16-6938-6.  As shipper, Defendant Pain Control Consult is jointly and severally liable in the amount of $431.82.

62.    Defendant, Harman Dermatology, was shipper of United Van Lines Order No. 16-7336-6.  As shipper, Defendant Harman Dermatology is jointly and severally liable in the amount of $1,669.52.

63.    Defendant, RTR Services, was shipper of United Van Lines Order No. 16-8903-6.  As shipper, Defendant RTR Services is jointly and severally liable in the amount of $529.50.

64.    Defendant, First Glance Aesthet, was shipper of United Van Lines Order No. 16-8502-6.  As shipper, Defendant First Glance Aesthet is jointly and severally liable in the amount of $622.21.

12

65.    Defendants have breached the Bills of Lading by failing to pay United the outstanding transportation charges and other related charges.  Defendants are liable to United in the total sum of $38,904.40, pursuant to the terms of the Bills of Lading and the I.C.C. Termination Act of 1995, 49 U.S.C. §§ 13706 and 13707.

66.    The unpaid amounts owed are liquidated amounts which become due on specified dates:  thus, United is entitled to prejudgment interest at the highest rate allowed by law on all such obligations from the dates on which they become due to the date of judgment.

**WHEREFORE**, United prays to the Court for judgment in its favor and against all other Defendants for actual damages totaling $38,904.40, as the evidence will show, together with interest at the highest rate allowed by law from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

**DATED** this 15th day of November, 2007.

By: s/ Jeffrey R. Simmons

Jeffrey R. Simmons
RYLEY CARLOCK & APPLEWHITE
One North Central Avenue, Suite 1200
Phoenix, AZ  85004
Telephone:  (602) 258-7701
Facsimile:  (602) 257-9582
Email: jsimmons@rcalaw.com

Olivia D. Lucas
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO  80202
Telephone:  (303) 863-7500
Facsimile:  (303) 359-3159
Email: olucas@rcalaw.com

ATTORNEYS FOR PLAINTIFF

13